IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARCADIA NOHEMI HERNANDEZ-AYALA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-4171 |
| | § | |
| WAL-MART STORES TEXAS, LLC, | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiff's Motion to Abstain and to Remand ("Motion") [Doc. # 7].  In the Motion, Plaintiff asserts that this Court lacks subject matter jurisdiction because Plaintiff "submits and stipulates" that the amount in controversy is less than $75,000.00.

Federal jurisdiction is limited.  The party invoking this Court's removal jurisdiction bears the burden of establishing federal jurisdiction.  *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001).  The removal statute "is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns."  *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997).

Plaintiff seeks remand on the ground that the amount in controversy is less than the jurisdictional $75,000 required by 28 U.S.C. § 1332.  If the Defendant can show that the amount in controversy exceeds the jurisdictional amount, Plaintiff must show that, as a matter of law, it is certain she will not be able to recover more than the jurisdictional amount.  *DeAguilar v. Boeing*, 47 F.3d 1404, 1410 (5th Cir. 1995). Plaintiff can establish this by identifying a statute or filing a binding stipulation that limits her recovery.  *Manguno*, 276 F.3d at 724.

Plaintiff alleges that she slipped and fell at a Wal-Mart store, suffering "serious injuries to her lower back" and "anxiety, pain, and illness" as a result. Plaintiff seeks to recover damages for past and future medical care, physical pain and suffering, mental anguish, loss of earnings and earning capacity, and loss of household services. While the case was pending in state court, Defendant sent Plaintiff a proposed Rule 11 Agreement in which Plaintiff would stipulate that her damages would not exceed $75,000.00, and Plaintiff failed to respond.  As a result, Defendant has shown that the amount in controversy in this personal injury case could exceed $75,000.  *See, e.g., Johnson v. Dillard Dept. Stores, Inc.*, 836 F. Supp. 390, 394 (N.D. Tex. 1993) (noting that a plaintiff's refusal to stipulate to damages less than the jurisdictional amount is a factor in determining whether remand should be granted).

Because Defendant has shown that the amount in controversy could exceed $75,000.00, Plaintiff must show that she is legally precluded from recovering $75,000.00 or more.  Plaintiff has not identified any statute that limits her recovery to less than the jurisdictional amount of this court.  Additionally, although Plaintiff's attorney states in the Motion that Plaintiff "submits and stipulates" that her damages in this case are less than $75,000.00, the purported stipulation is not signed by Plaintiff and does not expressly limit the scope of her recovery, including attorney's fees, to less than $75,000.00.

In conclusion, Defendant has shown that the amount in controversy could exceed the jurisdictional amount.  Plaintiff, however, should be given the opportunity to prove to a legal certainty that her recovery will fall below $75,000.00 by filing a binding stipulation limiting her recovery.  Accordingly, it is hereby

**ORDERED** that Plaintiff may file by **January 17, 2012**, a binding stipulation that her total recovery in this case, including attorney's fees, can not exceed $75,000.00.  The binding stipulation must be signed by Plaintiff personally.  <u>If Plaintiff fails to file the stipulation by January 17, 2012, the Court will issue an order denying the Motion to Remand.</u>  If Plaintiff files the stipulation by January 17, 2012, Defendant may file by **January 24, 2012**, any objections to the adequacy of the stipulation.

SIGNED at Houston, Texas, this **23rd** day of **December, 2012.**

Nancy F. Atlas
United States District Judge